IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT CANDY, *et al.*,   *

   Plaintiffs   *

  v.   *   Civil Action No. 1:18-cv-02335-PX

PEOPLE FOR THE ETHICAL   *
TREATMENT OF ANIMALS, INC., *et al.*,
    *

   Defendants
        ***

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant People for the Ethical Treatment of Animals, Inc. ("PETA")'s Motion to Dismiss for failure to effect service of process under Federal Rule of Civil Procedure 4(m) and Plaintiffs' Motion to Extend Time for Service of Process. ECF Nos. 4, 7.

On July 30, 2018, Plaintiffs filed suit against PETA, the Foundation to Support Animal Protection, Inc., and individual defendants, alleging violations of the Racketeer Influenced Corrupt Organizations Act. ECF No. 1. Plaintiffs only provided the Clerk a summons for one individual defendant. ECF Nos. 2, 3. On the 92nd day following the filing of the Complaint, PETA moved to dismiss for failure to effect service on all defendants. ECF No. 4. Plaintiffs responded and sought an extension of time to serve the Complaint. ECF No. 7.

Although PETA moved to dismiss under Rule 4(m), the Court will construe PETA's motion as one under Rule 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5); *see also United States ex rel. Moore v. Cardinal Fin. Co.*, No. CCB-12-1824, 2017 WL 1165952, at *6 (D. Md. Mar. 28, 2017). Where service is contested, "the plaintiff bears the burden of establishing the validity of service." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D.

Md. 2006). The court may construe Rule 4 liberally if service gave the defendant "actual notice of the pending action." *Id.* "Nevertheless, 'the rules [of service] are there to be followed, and plain requirements for the means of effective service of process may not be ignored.'" *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 520947, at *2 (D. Md. Feb. 5, 2016) (quoting *Armco, Inc. v. Penrod-Slauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

Since 2015, Rule 4(m) has required service "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

In the Fourth Circuit, it is unclear whether the court has discretion to extend the time for service absent good cause. *Bailey v. Bank of Am.*, No. ELH-16-2243, 2017 WL 1301486, at *7 (D. Md. Apr. 7, 2017). "Nevertheless, even if good cause is no longer an absolute requirement under Rule 4(m), 'the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.'" *Id.* (quoting *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 778, 786 (D. Md. 2005)); *see also Cardinal Fin. Co.*, 2017 WL 1165952, at *8.

Plaintiffs failed to effect service because they were "unaware" that in December, 2015, the time period for serving a complaint was shortened from 120 days to 90 days. ECF No. 6 ¶ 2. It is long-established that the "[i]nadvertence or neglect of counsel is not 'good cause.'" *Cardinal Fin. Co.*, 2017 WL 1165952, at *7. Likewise, ignorance of the rules is not a reasoned basis to excuse untimely service. *See Miller v. Tucker*, No. 2:13-cv-21753, 20214 WL 989204, at *3 (S.D. W. Va. Mar. 13, 2014) ("Indeed, for over four months counsel took no action to

2

prosecute this case or to familiarize himself with the applicable Rules of Civil Procedure and practices of the Court in which Plaintiff elected to file this action."). Simply put, Plaintiffs' ignorance of the rule change which took effect nearly three years ago cannot forgive untimely service.

Plaintiffs also contend that the motion to dismiss should be denied because dismissal would require Plaintiffs to refile the suit and incur the requisite filing fee and would delay resolution on the merits. ECF No. 6 ¶ 4. These consequences, however, occur in every meritorious motion to dismiss for insufficient service of process. If dismissal were denied for these reasons, the "good cause" or "reasoned basis" exception would swallow the rule. Moreover, "'good cause' does not turn on the implications of granting a motion to dismiss." *Cardinal Fin. Co.*, 2017 WL 1165952, at *2. The Court has been given no sound reason to deny Defendants' motion. The Court dismisses the Complaint without prejudice.

Accordingly, it is this 13th day of November, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss (ECF No. 4) filed by Defendant People for the Ethical Treatment of Animals, Inc. BE, and the same hereby IS, GRANTED;

2. The Motion to Extend Time for Service of Process (ECF No. 7) filed by Plaintiffs Robert Candy, Animal Park, Care and Rescue, Inc., and Tri-State Zoological Park of Western Maryland, Inc. BE, and the same hereby IS, DENIED;

3. The Complaint (ECF No. 1) filed by Plaintiffs Robert Candy, Animal Park, Care and Rescue, Inc., and Tri-State Zoological Park of Western Maryland, Inc. BE, and the same hereby IS, DISMISSED WITHOUT PREJUDICE; and

4. The Clerk is directed to CLOSE this case and TRANSMIT copies of this Memorandum Opinion and Order to counsel for the parties.

November 13, 2018                            /S/
Date                                                 Paula Xinis
                                                          United States District Judge